# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ANKE BORCK, | Case No: 1:16-cv-326 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff Anke Borck filed this Social Security appeal to challenge the Defendant's non-disability finding. *See* 42 U.S.C. §405(g). In September, 2016, the Court granted the parties' joint motion to remand under sentence four of 42 U.S.C. §405(g). (Doc. 12). In December 2016, the Court awarded Plaintiff attorney's fees under the Equal Access to Justice Act ("EAJA"). (Docs. 15, 16).

On December 28, 2017, Plaintiff received a Notice of Award from the Social Security Administration. On February 9, 2018, Plaintiff's counsel filed a motion with this Court seeking an additional award of attorney's fees pursuant to 42 U.S.C. §406(b). The Commissioner has filed a response, stating no objection to the additional award of fees.

Based upon the timely submission of the motion within forty-five days of the Notice of Award as required by Local Rule 54.2(b), and after independent analysis of whether the requested additional fee award is "reasonable," the undersigned now recommends granting Plaintiff's motion in full.

## II. Analysis

The December 28, 2010 Notice of Award reflects an award of past-due benefits totaling $40,192.00. Plaintiff executed a contingency fee contract in which she agreed to pay her attorney a contingent fee equivalent to the 25% statutory maximum fee permitted under 42 U.S.C. § 406(b). Although 25% of Plaintiff's past-due benefits award would equal $10,048.00, counsel seeks only $2,970.00 for the nine hours of work spent prosecuting Plaintiff's case in this Court.

As this Court recently reiterated in a published decision, courts have an "affirmative obligation… to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a standard contingency fee agreement within the 25% statutory cap." *Ringel v. Com'r of Soc. Sec.*, Case No. 1:12-cv-521, ___ F. Supp.3d ___, 2016 WL 718612 at *3 (citing *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)). In *Ringel*, this Court meticulously set forth the "guideposts" most frequently used to determine whether a fee is "reasonable," including: (1) the *Hayes* test;[1] (2) the amount of administrative and/or judicial delay; (3) the quality and quantity of attorney hours expended; (4) whether counsel has compromised his/her fee; (5) whether the Commissioner has filed any opposition; and (6) a small number of less "common" factors. Because the requested award easily satisfies the *Hayes* test, there is no need to review other factors in the case presented.[2]

Counsel appropriately acknowledges case law that mandates that the prior EAJA award for the same work be refunded to her client, *see Jankovich v. Sec'y*, 868 F.2d 867, 871 n.1 (6th Cir. 1989), and indicates that she will therefore refund the amount of

---

[1] *See Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990).
[2] *See Ringel*, 2018 WL 718612 at *8 ("If the contingency fee agreement produces an award that is less than the sum of 2 times the 'standard rate [under *Hayes*],' then the windfall analysis is complete").

$1,485.00 upon receipt of the additional § 406(b) award. However, this Court has previously found it to be appropriate (and more expeditious) to simply apply the offset against the additional fee awarded, negating the necessity of counsel remitting the prior payment.

### III. Conclusions and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:**

1. Plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 17) should be GRANTED in full;

2. Counsel should be paid a total of $2,970.00 for the 9 hours of work performed in this Court, subject to an offset of the EAJA fee previously paid to her for the same work. Therefore, counsel should be awarded an additional fee under 42 U.S.C. §406(b) of $1,485.00, reflecting the total award of $2,970.00 less the offset of $1,485.00.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ANKE BORCK, | Case No: 1:16-cv-326 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).